IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HOANG NGUYEN, | * | |
| PLAINTIFF, *pro se*, | * | |
| v. | * | Civil Action No. RDB-20-1284 |
| PAUL M. NAKASONE, *et al.*, | * | |
| | * | |
| DEFENDANTS. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Hoang Nguyen ("Plaintiff" or "Nguyen"), proceeding *pro se*, brings this federal-sector employment action against Defendant Paul M. Nakasone, as Director of the National Security Agency (the "Agency"), and three individual employees of the Agency, Robin B.B., Crystal F.F., and Michelle S.S. (collectively, "Defendants"), alleging discrimination based on his race/national origin, failure to promote, and retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* Plaintiff also alleges that he was unlawfully discriminated against because of his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.* Presently pending is Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (ECF No. 9.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 9), construed as a Motion to Dismiss, is GRANTED, and this case is dismissed WITHOUT PREJUDICE as to Count 1 and WITH PREJUDICE as to Counts 2, 3, 4, and 5.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Nguyen, a 73-year-old[1] Asian man of Vietnamese origin, alleges that he began working at the National Security Agency (the "Agency") on March 3, 1998 as an engineer. (Compl. at 2, ECF No. 1.) At the time of the events giving rise to this action, Nguyen was employed by the Agency as a Cryptologic Liaison Officer in Seoul, Korea and later in the United States at Fort Meade, Maryland. (*Id.*) A mandatory requirement of Nguyen's employment with the Agency was the maintenance of a Top Secret/Sensitive Compartmented Information security clearance ("TS/SCI clearance"). (*Id.* at 5.); *see also* 50 U.S.C. §§ 831, 832 ("No person shall be employed in, or detailed or assigned to, the Agency unless he has been the subject of a full field investigation in connection with such employment, detail, or assignment, and is cleared for access to classified information in accordance with the provisions of this subchapter….").

In or about August of 2016, Nguyen was assigned to a two-to-three year permanent change of station assignment in Korea to serve as a Cryptologic Liaison Officer. (Compl. at 4-7; September 27, 2019 EEOC Decision, ECF No. 9-3[2].) This assignment subjected Nguyen

---

[1] Plaintiff does not provide his date of birth, but the Equal Employment Opportunity Commission's ("EEOC") decision of September 27, 2019 indicates that he was 69 or 70 years old in 2017. (*See* ECF No. 9-3.)

[2] Defendants provided the September 27, 2019 EEOC Decision, which the Court may consider as integral to the Complaint. *See Goines v. Calley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (the court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a

to a security investigation in or around December of 2016 because of his high debt/income ratio allegedly caused by the Agency's failure to pay his relocation expenses to Korea.  (*Id.*) Nguyen alleges this issue was resolved when he paid off the balance on his government travel card.  (*Id.*)

In February of 2017, Nguyen alleges he travelled to Vietnam for Unofficial Foreign Travel ("UFT") to "visit his parent's tomb."  (Compl. at 10.)  On or about March 8, 2017, Nguyen's TS/SCI clearance was suspended and his assignment to Korea was "curtailed," resulting in his March 24, 2017 return to the United States.  (*Id.* at 5.)  The suspension also allegedly resulted in Nguyen being removed from consideration for a promotion because he was denied computer access necessary to timely apply for the position.  (*Id.*)  Nguyen allegedly later learned that his suspension and curtailment were "prompted by a call from the Chief of Station in VIETNAM about Plaintiff's visit for employment possibility at that Consulate."  (*Id.* at 4 n.6.)

Between August 2016 and February 2017, Nguyen alleges that he attempted to have his relocation expenses reimbursed, but that the reimbursements were delayed, and some were declined.  (*Id.* at 5-6.)  He also alleges that, as a result of the Agency's decision to curtail his assignment to Korea, he suffered damages due to the failure to fulfill a 30-day notice of termination clause in his lease.  (*Id.* at 6-7.)  Nguyen alleges that in July or August of 2017, his

---

complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity.").  The Court may also likewise consider Plaintiff's related EEOC documents, including the September 13, 2017 Final Agency Decision (ECF No. 9-12), Nguyen's informal and formal EEO complaints (ECF No. 9-6), Nguyen's agency appeals (ECF Nos. 9-13, 9-16), and the agency's final decisions (ECF Nos. 9-12, 9-14, 9-15).  *See Bowie v. Univ. of Maryland Med. Sys.*, No. ELH-14-03216, 2015 WL 1499465, at 3 n.4 (D. Md. Mar. 31, 2015) ("Courts commonly consider EEOC charges as integral to a plaintiff's Complaint, *i.e.*, effectively a part of the pleading, even if the EEOC charge is not filed with the Complaint.") (citations omitted).

security clearance was reinstated, but that, on or about October 28, 2019, his security clearance was again suspended "for unknown reason…until unknown future date." (*Id.*) As of the filing of his Complaint, Nguyen's security clearance was still suspended. (*Id.*)

On May 2, 2017, Plaintiff filed an informal complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that his curtailment and security clearance suspension were the result of discrimination based on age and race. (ECF No. 9-6.) On May 30, 2017, Plaintiff was mailed a Notice of Right to File a Formal Complaint of Discrimination, which Plaintiff filed on or about June 22, 2017. (*Id.*) On September 13, 2017, the Agency issued a Final Agency Decision, dismissing Plaintiff's discrimination claims on the grounds that the EEOC did not have jurisdiction over the merits of a security clearance decision. (ECF No. 9-12.)

On October 5, 2017, Nguyen filed an appeal of the Final Agency Decision, noting that he intended his formal complaint to contain independently actionable claims, which the Agency failed to address, specifically: (1) after his assignment to Korea, the Agency delayed and declined to make payment on some relocation expenses; (2) the Agency subjected him to a security investigation in December 2016 due to his debt/income ratio; (3) on or about March 8, 2017, his security clearance was suspended and his assignment to Korea was curtailed, resulting in his being removed from consideration for a promotion; (4) the Agency changed or did not comply with the 30-day termination of lease notice Nguyen's lease, resulting in him paying a $3,800 penalty; and (5) after his clearance was suspended, Nguyen lost access to his Agency network accounts, preventing him from retrieving information needed to litigate his reimbursement claims against the Agency. (*See* ECF No. 9-13.) On March 20, 2018, the

EEOC upheld the dismissal of claim 3, and remanded claims 1, 2, 4, and 5 to the Agency for further consideration.  (ECF No. 9-14.)

On June 25, 2018, the Agency issued a Second Final Agency Decision, dismissing Plaintiff's remaining four claims for failing to state a claim, and dismissing claim 2 for the additional reason of failing to meet applicable filing time limits.  (ECF No. 9-15.)  On July 25, 2018, Nguyen appealed the Second Final Agency Decision.  (ECF No. 9-16.)  The EEOC affirmed the Second Final Agency Decision on September 27, 2019.  (ECF No. 9-3.)

Plaintiff filed suit in this Court against Defendants on May 22, 2020.  (Compl., ECF No. 1.)  On September 25, 2020, Defendants filed the presently pending Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.  (ECF No. 9.)  A Rule 12/56 Notice was mailed to Plaintiff, advising him of his right to respond.  (ECF No. 10.)  Plaintiff did not file a response in opposition to Defendants' Motion with this Court.  However, along with their Reply, Defendants have provided three documents that Plaintiff mailed to Defendants on October 19, 2020, which responded to Defendants' Motion.  (*See* ECF Nos. 12-1, 12-2, 12-3.)  Accordingly, in keeping with this Court's obligation to liberally construe the pleadings of *pro se* litigants, the Court will consider the three documents provided by Defendants as Plaintiff's response in opposition to Defendants' Motion.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## STANDARD OF REVIEW

This Court is mindful of its obligation to liberally construe the pleadings of pro se litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set

5

forth a cognizable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990), or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In making this determination, this Court "must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-23 (4th Cir. 1989).

**I.     12(b)(1) Standard**

Rule 12 (b)(1) of the Federal Rules of Civil Procedure permits a defendant to challenge the court's subject matter jurisdiction over the plaintiff's suit. Under Rule 12(b)(1), the plaintiff bears the burden of proving, by preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015). "A defendant may challenge subject-matter jurisdiction in one of two ways: facially or factually." *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017). A facial challenge involves the allegation "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Accordingly, the plaintiff is "afforded the same procedural protection as she would receive under a Rule 12(b)(6) consideration," wherein "the facts alleged in the complaint are taken as true," and the defendant's challenge "must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

By contrast, in a factual challenge, the defendant argues "that the jurisdictional allegations of the complaint [are] not true," providing the trial court the discretion to "go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations." *Id.* (first alteration in original) (quoting *Adams*,

697 F.2d at 1219). Thus, with a factual challenge, "the presumption of truthfulness normally accorded a complaint's allegations does not apply." *Id.* The Court should only grant a Rule 12(b)(1) motion based on a factual challenge to subject matter jurisdiction if the facts are not in dispute and the moving party is entitled to prevail as a matter of law. *See Nat'l Fed'n of the Blind v. U.S. Dep't of Educ.*, 407 F. Supp. 3d 524, 530 (D. Md. 2019) (internal citations omitted). For the reasons that follow, the Court treats Defendants' Motion as a facial and not a factual challenge. Accordingly, it will "accept as true all material allegations of the complaint and construe the complaint in favor of the complaining party." *See Deal v. Mercer Cnty. Bd. of Educ.*, 911 F.3d 183, 187 (4th Cir. 2018).

**II.     12(b)(6) Standard**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). While a complaint need not include "detailed factual allegations," it must set forth "enough factual matter [taken as true] to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff cannot rely on bald accusations or mere speculation. *Twombly*, 550 U.S. at 555.

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirectTV*, LLC, 846 F.3d 757, 765 (4th Cir. 2017). A court, however, is not required to accept legal conclusions drawn from those facts. *Iqbal*, 556 U.S. at 678. "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

While ruling on a motion to dismiss, a court's evaluation is generally limited to allegations contained in the complaint. *Goines v. Calley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016). However, courts may also consider documents explicitly incorporated into the complaint by reference. *Id.* at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). In addition, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted). Considering such documents does not convert a motion to dismiss to one for summary

8

judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

## ANALYSIS

Defendants seek dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim. As a preliminary matter, Nguyen's claims against the individual employee Defendants, Robin B.B., Crystal F.F., and Michelle S.S., must be dismissed because individual federal employees cannot be sued for claims of employment discrimination under Title VII or the ADEA. *See Stoyanov v. Mabus*, 126 F. Supp. 3d 531, 540 (D. Md. 2015) ("'Title VII prohibits a plaintiff from filing an employment discrimination claim against an individual federal employee'….Similarly….courts have found that the only proper defendant to a federal-sector age discrimination claim under the ADEA is the head of the agency or department.") (citations omitted). Accordingly, the Court will review Nguyen's claims against only the Defendant General Paul M. Nakasone, in his official capacity as the Director of the National Security Agency. Further, because Defendant General Paul M. Nakasone is named in his official capacity, the Court will refer to the National Security Agency (the "Agency") as the Defendant. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (official capacity suits are treated as suits against the government agency).

As detailed above, Nguyen makes five separate claims: 1) after his assignment to Korea, the Agency delayed and declined to make payment on some of his relocation expenses; (2) the Agency subjected him to a security investigation in December 2016 due to his debt/income ratio; (3) on or about March 8, 2017, his security clearance was suspended and his assignment to Korea was curtailed, resulting in his being removed from consideration for a promotion; (4) the Agency changed or did not comply with the 30-day termination of lease notice

9

Nguyen's lease, resulting in him paying a $3,800 penalty; and (5) after his clearance was suspended, Nguyen lost access to his Agency network accounts, preventing him from retrieving information needed to litigate his reimbursement claims against the Agency.

### I. This Court lacks subject matter jurisdiction over Plaintiff's security-clearance-related claims (claims 2, 3, 4, and 5).

Nguyen's claims relating to the Agency's decision to suspend his security clearance, specifically claims 2, 3, 4, and 5, must be dismissed because this Court lacks subject matter jurisdiction to review the merits of security clearance determinations. In *Department of the Navy v. Egan*, the Supreme Court of the United States held that judicial review of an agency's determination to deny or revoke a security clearance must be limited because "the protection of classified information must be committed to the broad discretion of the agency responsible." 484 U.S. 518, 521-22, 529, 108 S. Ct. 818, 98 L.Ed.2d 918 (1988). The United States Court of Appeals for the Fourth Circuit "adhere[s] to the view that *Egan* generally proscribes judicial review of a security clearance decision 'absent a specific mandate from Congress providing otherwise.'" *Campbell v. McCarthy*, 952 F.3d 193, 202 (4th Cir. 2020) (citations omitted). The Fourth Circuit has "never discerned an 'unmistakable expression of purpose by Congress in Title VII [of the Civil Rights Act of 1964]' to subject security clearance decisions 'to judicial scrutiny.'" *Id.* at 203 (quoting *Becerra v. Dalton*, 94 F.3d 145, 148-49 (4th Cir. 1996)). Nor does the Fourth Circuit discern that Congress has specifically provided for such review in the ADEA. *Id.* As a result, security clearance determinations cannot be reviewed for violations of Title VII or the ADEA.

Here, Nguyen seeks such review in claims 2, 3, 4, and 5, all of which take issue with his security clearance suspension. The Supreme Court's decision in *Egan*, and the Fourth Circuit's

10

decision in *Campbell*, do not permit this Court to exercise jurisdiction over these claims. Accordingly, claims 2, 3, 4, and 5 must be dismissed for lack of subject matter jurisdiction.

## II. Plaintiff fails to state claims for relief.

Even if this Court had jurisdiction over all of Nguyen's claims, his Complaint must ultimately be dismissed because it fails to state claims for relief under either Title VII or the ADEA.[3] Beyond Plaintiff's conclusory allegations that his security clearance was suspended because of his age and race/nationality, Plaintiff's Complaint is entirely devoid of any facts suggesting his security clearance was suspended for any discriminatory reason.

### A. Discrimination

As the United States Court of Appeals for the Fourth Circuit explained in *Swaso v. Onslow Cty. Bd. of Educ.*, 698 F. App'x 745 (4th Cir. 2017), a plaintiff may establish discrimination under Title VII by showing direct or circumstantial evidence that the plaintiff's status in a protected class was a motivating factor in an adverse employment action, or by relying on the burden shifting scheme established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swaso*, 698 F. App'x. at 747 (citing *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 213–14 (4th Cir. 2007)).

Where, as here, the record contains no direct evidence of discrimination, a plaintiff's Title VII claims must be analyzed under the burden-shifting scheme established in *McDonnell Douglas. See Hawkins v. Pepsico, Inc.*, 203 F.3d 274, 281 (4th Cir. 2000). Under this framework,

---

[3] Defendants also argue that Plaintiff's claims 1 and 4 are more properly brought under the Debt Collection Act, 31 U.S.C. §§ 3711, *et seq.*, which governs the procedures for collection of debts and provides for the resolution of disputes between a federal agency and its debtors. The Court need not address this argument because Plaintiff's claims are dismissed for failure to state a claim for relief.

11

the plaintiff must first make out a *prima facie* case of discrimination by showing that: (1) he is a member of a protected class; (2) his job performance was satisfactory; (3) he was subjected to an adverse employment action; and (4) "the adverse employment action occurred 'under circumstances giving rise to an inference of unlawful discrimination' [which can be] met if 'similarly-situated employees outside the protected class received more favorable treatment.'" *Swaso*, 698 F. App'x. at 747 (quoting *Adams v. Trs. of Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011); *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004)). Similarly, to allege a *prima facie* case of age discrimination under the ADEA, a plaintiff must assert that he (1) is a member of the protected class, *i.e.* is at least 40 years old; (2) suffered an adverse employment action; (3) was meeting his employer's legitimate expectations at the time of the adverse action; and (4) was replaced by or treated less favorably than someone who is either outside the protected class or "substantially younger" than he is. *See McDonnell Douglas*, 411 U.S. at 802.; *Baqir v. Principi*, 434 F.3d 733, 742 (4th Cir. 2006).

Once a plaintiff establishes a *prima facie* case, the burden shifts to the defendant to produce evidence that the adverse employment action was taken "for a legitimate, nondiscriminatory reason." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 142 (2000). Then, the plaintiff is "afforded the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* (quoting *Tex. Dept. Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

There is no dispute that Nguyen is a member of the protected classes, as an Asian man of Vietnamese origin who was over the age of 40. There is also no question that the Agency's denial of reimbursements related to moving expenses does not amount to an adverse

employment action.  *See Alexander v. Marriott Intern., Inc.*, No. RWT-09-cv-2401, 2011 WL 1231029 (D. Md. Mar. 29, 2011) (refusal to reimburse business expense not an adverse employment action).  However, accepting Nguyen's allegation that his security clearance suspension was an adverse employment action, Nguyen has nonetheless failed to allege any circumstances that give rise to an inference of unlawful discrimination based on his age or race/national origin.  He fails to identify different treatment of any similarly situated employees outside of the protected classes that received more favorable treatment.  Moreover, any suggestion that Nguyen's security clearance suspension was the result of discrimination is negated by his own allegation that he "discovered later" that his security clearance suspension was "prompted by a call from the Chief of Station in VIETNAM about Plaintiff's visit for employment possibility at that Consulate." (Compl. at 4 n.6.)  There are simply no allegations that suggest Nguyen's security clearance suspension occurred "under circumstances giving rise to an inference of unlawful discrimination."  *See Swaso*, 698 F. App'x. at 747 (quoting *Adams v. Trs. of Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011).  Accordingly, Plaintiff's claims for discrimination under Title VII and the ADEA must be dismissed.

**B. Failure to Promote**

To establish a prima facie case of discrimination for failure to promote, a plaintiff must prove by a preponderance of the evidence that he (1) belongs to a protected group; (2) applied for the positions at issue; (3) was qualified for those positions; and (4) was rejected under circumstances that give rise to an inference of unlawful discrimination. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 959-60 (4th Cir. 1996).  In this case, Plaintiff alleges he was denied the ability to apply for a promotion because he lacked access to the Agency's

13

computer system after his security clearance was suspended. Plaintiff's allegations fail because he neither alleges that he applied for the promotion nor does he allege that he was qualified for it. Indeed, his security clearance suspension rendered him *unqualified* for any position with the Agency to which he may have wanted to apply. *See* 50 U.S.C. § 832(a) ("No person shall be employed in, or detailed or assigned to, the Agency unless he has been the subject of a full field investigation in connection with such employment, detail, or assignment, and is cleared for access to classified information in accordance with the provisions of this subchapter…."). As a result, Plaintiff has failed to state an actionable failure to promote claim under Title VII.

### C. Retaliation

The elements of a retaliation claim are: "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Mackey v. Shalala*, 360 F.3d 463, 469 (4th Cir. 2004)). A protected activity may fall into two categories, opposition and participation. 42 U.S.C. § 2000e-3(a). The participation clause protects an employee from retaliation where he "has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing" under Title VII. *Id.* As for the opposition clause, the Fourth Circuit has held that "protected oppositional activities may include 'staging informal protests and voicing one's own opinions in order to bring attention to an employer's discriminatory activities,' as well as 'complaints … about suspected violations.'" *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005) (quoting *Bryant v. Aiken Reg'l Med. Ctrs.*, 333 F.3d 536, 543-55 (4th Cir. 2003)).

While Nguyen engaged in protective activity by filing an EEOC Charge on May 2, 2017, the alleged adverse employment action of security clearance suspension occurred *before* this activity, in March of 2017. This Court has held that an inference of a causal connection exists where the adverse action occurs "shortly after learning of the protected activity." *Cepada v. Bd. of Educ. of Baltimore County*, 814 F. Supp. 2d 500, 515 (D. Md. 2011). Accordingly, no causal connection exists between Nguyen's alleged protective activity and the alleged adverse employment action. As a result, Plaintiff fails to state an actionable retaliation claim under Title VII.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 9), construed as a Motion to Dismiss, is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE as to Count 1 and WITH PREJUDICE as to Counts 2, 3, 4, and 5.

A separate Order follows.

Dated: November 30, 2020

                                                                              /s/

                                                   Richard D. Bennett
                                                   United States District Judge